# PATRICK J. BRACKLEY

−ATTORNEY AT LAW −
233 BROADWAY, SUITE 801
NEW YORK, NY 10279
TEL. (212) 334-3736
FAX (212) 513-7068

December 14, 2018

**COURTESY COPY**

The Honorable Raymond J. Dearie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 10A S
Brooklyn, N.Y. 11201

Re:     U.S. v. William Nelson,
        Dkt. # 0207 1:17CR00394-001(RJD)

Dear Judge Dearie:

I represent William Nelson, who is scheduled to be sentenced on January 14, 2019, and I submit this letter to aid the Court in fashioning an appropriate sentence that is fair to both Mr. Nelson and the government. For the reasons set forth below, I respectfully request that the Court sentence Mr. Nelson to probation.

A.     Background

On April 23, 2018, Mr. Nelson pled guilty **pursuant to a plea agreement** to the top count of a ten-count indictment. Count One charged that, between July 2012 and December 2016, in his role as its chief procurement officer, Mr. Nelson embezzled federal funds from the Richmond County District Attorney's Office, in violation of 18 U.S.C. § 666(a)(1)(A). PSR at ¶¶ 1-5.

B.     The Presentence Report and the Sentencing Recommendation

Mr. Nelson begins with a U.S.S.G. § 2B1.1(a)(2) base offense level of 6. PSR, at ¶¶ 14. Based on a loss amount of more than $441,262.30, Mr. Nelson suffers a 12-level increase PSR at ¶ 7, 10, 15 (citing § 2B1.1(b)(1)(G)). Because the Plea Agreement stipulates that Mr. Nelson abused a position of trust he suffers a 2-level § 3B1.3 increase. The Agreement concedes the applicability of, and Probation Department recommends, a

three-level timely acceptance of responsibility reduction pursuant to both § 3E1.1(a, b). PSR at ¶¶ 21-22.  Thus, according to the Probation Department's calculations, Mr. Nelson's total offense level is 17.  PSR at ¶¶ 23, 28, 46-48. This being his first arrest or conviction of any kind, PSR at ¶¶ 24-30, Mr. Nelson's corresponding level 17 guideline range is from 24-30 months of imprisonment.  Id. at § 26-27, 57.

C.      The § 3553(a) Factors Militate For a Bottom-of-the Guidelines Sentence

        "The court should impose a sentence sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.  U.S.S.G. Chapter 5, Part A, Introductory Commentary citing 18 U.S.C. § 3553(a).  "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Pepper v. United States, ___ U.S. ____, 131 S.Ct. 1229, 1239-1240 (2011) (quoting Koon v. United States, 518 U.S. 81, 113 (1996)). "Highly relevant – if not essential – to the selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." Id., at 1240 (quoting Williams v. New York, 337 U.S. 241, 247 (1949)).  "Permitting sentencing courts to consider the widest possible breadth of information about a defendant 'ensures that the punishment will suit not merely the offense but the individual defendant." Id. (quoting Wasman v. United States, 468 U.S. 559, 564 (1984)).  The punishment should fit the offender and not merely the crime.  Pepper v. United States, supra (citing Williams, 337 U.S. at 247 (1949)).

        As set forth in the PSR at ¶¶ 31-55, his history and characteristics depict a now 45-year-old slightly-less-than-completely-college-educated father of three with a history of industry and no substance abuse problems who would do anything for his family, and did. PSR at ¶¶ 36-37, 41-44.  Where he lavished all his ill-gotten gains on his wife and children and immersed himself in scouting in support of his son, the sincerity of Mr. Nelson's desire to do for his loved ones cannot be questioned. PSR at ¶¶ 36-37, 41. While he leapt at the carrot of instant gratification with the best of intentions, what Mr. Nelson must be blamed for is his willful blindness to the collateral damage the looming stick was destined to do to those he clearly cared for most.  Now his unemployed wife is denied even his legitimate income and his children must cope with the gaping hole their previously hands-on father has left in their lives. As the PSR confirms, the Nelson family now has a negative cash flow, a modest and rapidly dissipating net worth and an uncertain future, even if Mr. Nelson remains free to contribute to their welfare.  PSR, at ¶¶ 45.  The elder of three children, Mr. Nelson was provided a sound upbringing with good values by hard-working middle class parents who sacrificed significantly to provide him and his siblings a Catholic school education. Id. at ¶¶ 32-34. See 18 U.S.C. § 3553(a)(1).

Having learned his lesson the hardest way, Mr. Nelson seems little threat to commit further crimes at the conclusion of even a probationary sentence. See 18 U.S.C. § 3553(a)(1).

Mr. Nelson has no codefendants. See 18 U.S.C. § 3553(a)(6).

Mr. Nelson surrendered voluntarily and spent a satisfactory sixteen months on bail. Despite his single misstep, Mr. Nelson's substantial commitment to making restitution, education, consistent industry, family ties and acceptance of responsibility indicate a great potential for rehabilitation. They likewise suggest that a below guideline sentence would neither deprecate the seriousness of the offense nor undermine respect for the law and would therefore be just. 18 U.S.C. § 3553(a)(2)(A-C).

The Bureau of Prisons ("BOP") is charged by law with the responsibility for designating convicted federal defendants to appropriate penal facilities, see 18 U.S.C. § 3621(b), and while the BOP is required to consider a district court's designation recommendation, among other factors, see id. § 3621(b)(4)(B), the statute does not require either that district courts make such recommendations or that the BOP follow those that are made, see United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995) (stating that "sentencing court has no authority to order that a convicted defendant be confined in a particular facility" because that decision is "within the sole discretion of the Bureau of Prisons"); accord Levine v. Apker, 455 F.3d 71, 83 (2d Cir. 2006); Thye v. United States, 109 F.3d 127, 130 (2d Cir. 1997). Nevertheless, BOP makes every effort to respect a district court's recommendations and Mr. Nelson therefor requests that the Court recommend placement in a facility in the Pittsburgh area, e.g. FCI Morgantown, near his wife and children. See 18 U.S.C. § 3621 (b)(4)(B); Bureau of Prisons Program Statements PS 5140.28 and PS 5070.10 § 7 (a) & (b); United States v. Potoski, 2010 WL 1909551 (09-0176-cr 2d Cir. May 13, 2010) (sentencing court may recommend place of imprisonment) (citing United States v. Yousef, 327 F3d 56, 165 (2d Cir. 2003)); Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005) (same).


D.      Conclusion

For the forgoing reasons, Mr. Nelson respectfully requests that the Court sentence him as suggested herein.




Respectfully submitted,


s/ Patrick J. Brackley
Patrick J. Brackley (PJB 6808)


cc: AUSA Adam Hobson (By ECF)